All right, here you hear you hear you. This honorable appellate court of the Second District is back in session, pursuing to adjournment. The Honorable Michael J. Burke is I seated. Your Honor, the third case this morning called to 11 8 10 state of Illinois. This is Willard H Purcell on behalf of the apologies, Mr Byron Rainer on behalf of the people. Thank you, Mr Rain. Mhm. Good morning, Your Honor's counsel. May it please the court. Your Honor's raised more issue in our opening brief in the state raised an issue in their response brief. I plan to address both issues and would be happy to take questions on either issue. Can I ask a preliminary threshold question? Absolutely. Is that really June 2011 defendant filed another post conviction petition? It's several correct over the over the years. Right. Continuing post conviction petition filed in June of 2011 is the petition at issue in this latest one. Subject of this proceeding. Did he raise an issue about the sentencing credit? No, no, Your Honor. He did not. Okay, so then why do we have it here now? Um, Your Honor, um, the Illinois Supreme Court and people be cameo has held that statutory claims for sentencing credit can be raised at any time that the normal rules of forfeiture don't apply. But usually it's raised at some point, even if it's late. So he never raised it in his petition. And so you're raising an independent of that falling under this case you're talking about. Well, that's correct, Your Honor. I'm raising it for the first time on appeal from the denial of the post conviction petition in which it was not raised. Um, and I believe the opening and reply brief, um, cited a string of cases in which Illinois appellate courts routinely entertained such claims. Um, based on the holding Caballero people briefs. Do you D I E U is another one of those cases which involves the precise claim issue has never raised prior to being raised for the first time on appeal from the denial of post because we can. Why should we? Your Honor, you should because he's statutorily entitled to the sentencing credit. No, but why should we resolve it and not send it back to the trial court for their resolution? First, judicial efficiency. Um, the issue is in front of this court time. I have all kinds of time. It's not that much of an economy. Uh, resolving issue now would save time as opposed to sending it back to the circuit court. The state is not disputed that Mr Purcell is entitled to the credit under the statute. Um, you're not disputing it. Why are we here? In our opening review, argue that, uh, section 587 B of the Code of Corrections says that an offender shall receive credit on a maximum or determinate sentence for the time spent pre sentence custody and then a natural life sentence without possibility of parole is a determinate sentence. And the state does not dispute those propositions. Uh, that's that it is an indeterminate sentence. Is that what you're saying? They don't. That is a determinant sentence. Um, there's he's not leaving prison under the sentence he currently has. Uh, so if he's not leaving prison, is their argument have appeal? What's the point of a credit for someone who will never see the light of day again? Your honor, the point of receiving the credit is the possibility that Mr Purcell sentence would be, uh, commuted to a term of natural years. It's not unimaginable that this would happen. Um, the laws could come in and correct this. Let me go. That's true. But he's entitled to the credit now. Um, there's no reason to. Isn't it enough that we just say if he were to receive credit off a number of years, but, of course, in a natural life sentence, there's not a number of years. We simply enter an order saying, Yep, there were 100 and I think it was excuse me, 815 days. That's the amount of credit he would receive. Should the sentence ever be commuted? And leave it at that. Um, your honor, I would argue that the statute 587 B, uh, does not place any kind of condition on receiving the statutory sentencing credit. Um, the statute doesn't require a specific prejudice. Uh, the Supreme Court has held that that is a mandatory sentencing credit. And in this case, he's Mr Purcell's entitled to the credit now. Um, so that is available in case the sentence does change. I think you cited people versus Johnson, which was case in 1953. That's correct. Now, at that time, natural life, a life sentence was really a number of years. You were eligible for parole at some point, all kinds of things which are significantly different than a sentence of natural life today. So if if I might even agree with you that a natural life sentence was much more of a determinant sentence under the prior sentencing code than it is today. So why? I mean, I understand it's never been reversed. It's never been distinguished. But really, natural life was a different sentence in 1953. Was it not? Um, yes, it was a different sentence in that case. Actually, your honor, the court held that the sentence imposed was, um, a sentence, not less than natural life and not more than natural life. And we could time required. No, right. Exactly. To what Mr Purcell essentially has and become at the time required an indeterminate sentence. The court said this is not an indeterminate sentence. When you receive a term of natural life without the possibility of parole, it's a determinate sentence. Nobody got this statute. He was eligible for parole in 1953. That's my point, right? I think the fact that he is now not eligible for parole makes it even more of a determinant sentence. There's no no possibility that he could be released from prison. And actually, I mean, defining an indeterminate sentence defines it as one having a possibility of parole. The statute authorizing Mr Purcell sentence, um, also defines a natural life sentence as a determinant sentence. Um, and that is 7 30 I. O. C. S. 5581 B. Um, that provision says that a determinate sentence may be applied under this section with limitations. Uh, and then goes on to say that a natural life sentence without the possibility of parole is a determinant sentence that can be applied in limited circumstances. So the statute allows us to do this, but you cited Caballero. And as I read it, that says the appellate court may, when a sentencing credit is the issue in the orderly administration of justice, grant their request of relief. But the use of the word may suggest that we don't only have to do this, correct? The use of the word may suggest that there's some discretion. As I argue in the brief, this is something that Illinois courts have routinely done since Caballero and the other portion of Caballero in the cases following that say that the normal rules of forfeiture do not apply, which implies less discretion to to really this type of claim. Um, we would urge this court to did Petranco change the holding of Caballero at all? No, Petranco didn't change the holding of Caballero at all. The state cited Petranco, um, to suggest this claim that been procedurally barred. But in Petranco, the petitioner wanted to argue facts that weren't in his petition to support an ineffective assistance of counsel claim. It has nothing to do with claims for statutory sentencing credit. Um, and people be watered. The Supreme Court of Illinois has found that these discredit is mandatory. All right. Um, because Mr Priscilla is statutorily entitled to this credit and because there is a conceivable prejudice, we would ask that this court grant 815 days of excuse me, remanded the circuit court to have this minimus corrected to reflect 815 days of sentencing credit. And just briefly, we would also ask this court to deny the state's request to impose fines for filing a petition. Specifically, the state has asked for a frivolous filing fee of $90 in the state's attorneys fee of $50 under people be Johnson in, uh, Johnson. However, the circuit court imposed those fees. No fees were imposed by the circuit court in this case, and Johnson further held that the imposition of those fees is authorized by statute. Um, it did not hold that those are mandatory. The circuit court judge made a ruling that next time Mr Purcell files a petition, if the circuit court finds its frivolous fees will be imposed. And, um, and that didn't happen here. Obviously, the warning was given after this petition. So, um, the judge did not find it appropriate in this case to impose those final issue here on appeal is the sentencing credit. So he's entitled to it. Absolutely. All right. You're reading the state. The state can speak for itself, but you're you're you're reading. They have to say that the state wants sanctions for the underlying petition. Not your argument on appeal. I believe they asked for both. Well, they wanted fees for just stationary fees for this, but the sanctions for the underlying petition. Correct. Correct. They said that Johnson, um, which led me to which were frivolous filing fee based on the petition filed in the circuit court. And then Nichols implies are also asking for appellate fees. Um, I'd also just note that there was no input in the state below. The state did not have any input into the court's denial of leave to file successive petition. So the state shouldn't be entitled to the attorney's fees below the frivolous filing fee or fees for this argument. Mhm. Thank you, Counselor. You have time for one. Thank you, Miss Campbell. You may proceed. Were we correct that you were asking for the sanctions on the underlying petition? Correct. I was gonna address that issue first since we dealt with that most recently, but I did like your distinction. It's the sanctions at the trial court level. Um, why should we impose sanctions for that when the she has repeatedly cautioned the defendant about filing frivolous petitions? Um, I think this court as part of the whole concept of judicial economy and with a wider ranging view can impose those sanctions. If you look at the sanctions statute, which is 7 35 uh, I'll see s five dash 22 dash 105 in the second paragraph where it talks about, um, imposing the sanctions. It talks about the court of jurisdiction is responsible for sending the D. O. C. The copy of the order mandating the fees or the sanctions cases where the appellate court in the first instance is sanctioned under the I have not in my research for pause. And you also alluded to another factor. You said the trial judge's condition continually caution the defendant about this and yet apparently found this didn't meet the threshold to impose sanctions. So I did not see. I'm sorry. Uh, I didn't see anything in her remarks indicating that I mean, she was cautioning the defendant against it, but that she was particularly aware of the thanks the the sanctions statute. So, you know, whether she was just going to give him another chance or not, or whether she wasn't specifically aware that, you know, there's this procedure for her. There's nothing in the statute that would bar this court from doing that. What about the propriety of this whole argument about the sentencing credit? Uh, I do dispute that. Um, the only clear from the record is the defendant had a certain number of days. The whole determinant sentencing issue as Justice Jorgensen pointed out, um, the Johnson case with my opposing counsel sites on page 21 is a particular situation dealing with the statute for that time, particularly if you look at the Westbrook case, which is cited within Johnson. Um, although if you look at headnote three, which isn't exactly president, but it's a nice encapsulation of the issue in Johnson and Westbrook, the defendant is sentenced to natural life, but he will be eligible for parole after 20 years. So it's a very different sentencing scheme at that time when they're finding natural life to be terminant than it is today, where we've had truth in sentencing and a natural life sentence. You know, you're not period as happened in Johnson and Westbrook. Are you agreeing that this is a determinant sentence? No, I'm not. Okay. All right. Um, uh, he was also different because it was a direct appeal. In that case, the initial days credit had been awarded by the trial court on appeal. The defendant wanted multiple credits against his different sentences. Trial court denied that. So in that case, it was a simple ministerial act for the trial court to affirm the sense credit that he requested, which is very different here, where we're arguing that he's not entitled because it's not a determinant sentence. So you're saying he'll doesn't stand for the proposition. Basically, the council cited it for I would. Is that sort of what you're saying? Yes. So is this determinant or indeterminate sentence? And if not, how do you arrive at the fact? It's not a determinant. Uh, under the revisions of the sentencing statutes, we've gotten rid of the cases such as Johnson and Westbrook, where the court was talking about a natural life sentence in a determinant sentence mode. So that sentencing scheme is well past us. We're now to truth in sentencing and those sort of things where a determinant sentence is a set number of years. Um, in the statute, um, that, uh, my opposing count, uh, counsel cited. Um, it says a determinant sentence with certain limitations or exceptions. I can't remember the exact word. And then it's lists a natural life as, you know, something different. Um, so there I think we're getting towards where the court is or the statutes are finding natural life not to be a determinant sentence. Is it? Is it an indeterminate sentence? I would say yes, even though it doesn't. I know we've gotten rid of those cases, but all the common law definitions of indeterminate means once you're satisfied the minimum sentence, you're eligible for parole. That certainly doesn't apply here. Um, it's indeterminate only because you don't know when the person is gonna die. Correct. Um, part of it is common sense and logic. And I think that the courts have not addressed this issue in this context. Certainly I did not brief it clearly in my brief. So I think, you know, that's certainly an issue that would be a good future case. But in this case, um, relief has been granted where the relief requested has been a ministerial act that is simple for the court to do to resolve in the interest of judicial economy. Clearly, that is not the case with this sort of sentence where we have to address simple. It's simple. I mean, if we either give it to him or we don't, we know the number of the argument would be as to whether it's a determinant sentence. So that's the controlling factor. The statute says the defendant shall be given credit on the determinant sentence. So we, as a threshold matter, have to decide if this sentence of natural life is determinate or indeterminate within the meaning of the statute. Because if it's indeterminate, he doesn't necessarily get to credit. Correct. Exactly. Um, and that I'm going to segue that there's we've done away with indeterminate sentencing in 1977. We've done away with it's not here. So how is this indeterminate? And if it's not indeterminate and it's not determinate, what is it? That would be an excellent question. And as I said, that would be right for a future appeal or a future briefing opportunity. But that takes this case clearly out of the easy judicial economy exception, which is the only way the defendant can procedurally get into this court to ask for that relief. So you're saying we could we could just say we don't have to conclude that it's indeterminate. We could simply say it's not determinate. Um, is that your point? My point is more. We don't know exactly the nature of it because of the changes in the sentencing, the courts have not addressed the issue to say whether it's determinant or indeterminate. Um, will that bear on remanding this for some kind of a hearing? Should this be sent back to the trial for? Um, I don't believe so because, um, as was pointed out numerous times, I believe by yourself, this issue was not raised in the initial petition. So we're currently here in the appellate court on a issue that was not raised in the leave toe to file. So procedurally, there are three or at least three bars in the Post Conviction Act itself. It says that, um, first of all, you can only raise one without leave of court. Second, any issue not raised is waived. This was not raised in any of his two or three priors. Um, and third, that, um, the Post Conviction Act is for constitutional issues. So there are three barriers right there to this issue being addressed at all in a post conviction proceeding. Um, but you do agree he could raise it at any time under Caballero, which we look at, um, Caballero admits that the issue is not appropriate for the Post Conviction Act. And that's at, uh, pinpoint site is 88 for that. Um, and the notes go on, and this is notes five and six in the case. Um, the claim may be considered if it's clear from the record, the appellate court may in the interest of orderly administration of justice grant the relief requested. And the case also mentions the phrases simple ministerial act promoting judicial economy. Um, that's clearly not the evolving with this issue. It's not going to be a simple act such as Hill, where the credit had been granted. Um, all right, so you're saying because this is a more sophisticated argument, obviously, we're wrestling with determinate versus indeterminate. Um, you should raise it first in the trial court. Exactly. And he doesn't need a post conviction to do it. Uh, in Caballero, I believe that the recommended procedure was a motion to which means he doesn't. My point is, he doesn't need permission. Correct. You don't want us to remand it. Uh, he could file a second, a separate document, which I would believe would be the appropriate remedy. Um, in, uh, Petranco, one of the points that the court makes is that the problem is that the issue is not raised in the initial petition. And the question on review for the post conviction is whether the trial court properly denied the relief based on the actual petition filed. So if this issue was never raised in that, then procedurally, you know, this court is supposed to be saying whether the trial court acted correctly or not. Clearly, it acted correctly. Defendant has not raised the actual substantive issues that were raised in the post conviction petition. It hasn't challenged the trial court's denial of the leave to file the petition. Um, so clearly there's nothing meritorious in the initial petition. How does having a trial court record help us in this case? I mean, it's really what's he going to present? I mean, it's not gonna have an evidentiary hearing. He's doing natural life. He did 815 days pre trial. That's it. Exactly. That's how I mean, we're talking about traditional economy and all this stuff. So we're gonna say you're not the right ballpark. You've got to follow the petition of correct minimus. So he goes back and tells the petition of correct minimus. Hopefully that's a good subject. It's sanctions for following that. Um, and then finds his way back up here, and the record is gonna be exactly as it is now before us. And we have to decide whether this natural life is determined or it's gonna come back at some point. And it would be to don't de novo review. Correct. Simple statutory interpretation. I don't agree it at several points. First of all, uh, to reassure Justice Burke, he wouldn't be getting sanctions if he filed a motion to amend the minimus, because that's that's a post conviction remedy. Um, second, um, I don't think, you know, given our present argument that the court would find sanctions if he raised this issue, because obviously we're finding in an interesting area of discussion. So I don't think that a trial court would find it to be essential to decide. How does the record help us? The record only indicates that defendants spent so many days in prison, uh, pretrial custody, pretrial custody. Thank you. Um, it does not resolve. The record here does not resolve the question of whether that's a determinant indeterminate sentence and whether he should get credit against his natural life sentence for that. Um, that's what Justice Burke's point is. What would be in the record if we send it back to the trial court? That's not here now. What other? What other possible? What would happen with the ash? The parties at the trial court would fully brief the issue and argue in front of the trial judge, which is the appropriate method for resolving the issue rather than argue the issues for the first time on appeal. Um, it should go back and have the trial court resolve. It's hitting a bad precedent to allow someone to file post. Somebody files post conviction. It's dismissed. And then now that you have your foot in the door, so to speak, in the appellate court, you can raise all these other issues and sort of bypass the trial court. Exactly. Um, in one of the interesting things in Petranco was the uh, reversing or correcting the trial court's interpretations of things from their decision in Palmer. So they say, you know, when they made their decision in Palmer, they didn't anticipate that the trial courts would then, you know, act as they had from that. Um, in this case, I think Caballero has opened somewhat of a similar problem in that, um, it could be seen as a gateway for circumventing issues and then raising them in an appropriate manner. Getting back to determine indeterminate, you want to capsulize. Why would you find that this is not a determinant sentence? Um, part of it is simply logic and common sense, which I know is not, uh, most of the time. But certainly the legislature, um, can apply that. Hopefully. Uh, I think in this case, the nature of the words determinant and indeterminate and the fact of life imprisonment. Um, obviously there's not a definite end to that. So I think it should be classified as an indeterminate sentence. Um, in other words, there's no, you can't articulate when the sentence will end, but we know it will end when he dies. But, you know, then it's a little late for him to file his his motion. I appreciate the logic of them. But you're saying because we know someone has a finite lifespan, that's not enough. You can't say it will be February 25th 2023. Then you need that in order to make this a determinant sentence. Therefore, this is not. Yes, you can't count backward from any specific date to say, okay, you know, this, you can't calculate an update. In other words, correct. Would that be a simple way of saying it is if you can't calculate an outdate, it's not a would he have gotten out? Um, it was canceled, wasn't it? Thank you. 53 case. Would he have gotten out? You know, would he have been? He was eligible for parole in 20 years. Correct. I can't remember the exact specifics. I looked at both Johnson and Westbrook more for the precedence than the details of when he got out. And I was applying the statutes. I'm not an expert on that. Those old sentencing. Would you have gotten the credit off the 20 years for the time you didn't custody before him? Uh, I believe so. I can't exactly say it did. That's also part of my argument. In this case, defendant gains no advantage. Um, nor does he suffer any It has no effect. Um, he's simply not prejudiced at all, which is part of the reason why the post conviction, uh, hearing act is in place is to ensure that defendants receive due process and are not prejudiced by claims here. There's no benefit, no practical benefit for the defendant. I don't know if you answered Justice Jorgensen's question. If this ever came back to us or we just said this is this is dismissed. You can file another petition if you want later in the trial court. And then it came back to us. It would be de novo review. The question of whether natural life is determinant and under the sentencing statute subject to credit is a question of law. Is it not? It would be. Yes. But that's also an excellent reason why it should be addressed first at the trial court because they'll do a better job than chance, right? Probably better than us. All right, really? So we're taking a level of view. We're looking at that way. Thank you. If your honor's thank you. Mr Raymond. Just briefly, your honors. Um, this is the first time the state is alleged that this is not a determined sentence. Um, and to be clear, a naturalized sentence without parole is a determined sentence. This is not in dispute because the case was censored. I believe uh, counsel did not accurately describe the statute authorizing a sentence which clarifies that this is a determinate sentence. Section 584 E. Excuse me, 581 B of the Code of Corrections, which authorized Mr Purcell's naturalized sentence without parole says, except as otherwise provided in the statute defining the offense, a sentence of imprisonment for felony shall be a determinate sentence set by the court under this section. In that section, the determinate sentence that was allowed is a natural life sentence. Counsel argued that there are limitations placed on this and that somehow that makes the sentence nondeterminate. The limitations only plot are relevant to whether the sentence can be imposed again. The statute says, shall we determine sentence set by the court under this section according to the following limitations include natural way? Yes, absolutely. Your limitation is that in order for that sentence to be imposed, there has to be finding that the defendant, uh, committed one of the aggravating factors to find in the murder statute. In this case, it was that there was an order of protection held against Purcell at the time the underlying crime was committed. Um, that's the limitation that the limitation does not take the sentence from being out of what is already described as a determinate sentence. Black's Law Dictionary defines determinate and indeterminate sentencing. Uh, indeterminate sentence is one that is a term of years or can be reduced through parole. That's not what the case is here. There has been no termination. So they said there is not subject to the sentence doesn't end. There's nothing uncertain about nothing indefinite about it. Um, just a few other brief points. Your honors. Yeah, if your honor still have any questions, other questions about the determinate sentence, I'm just going to make a few points about the frivolous filing request. Uh, counsel argued that the judge wasn't aware of the statute. The record is clear. The judge knew she had the authority to impose fines and chose not to do so. Um, I just also wanted to note that Johnson, the case of the state relies upon is currently pending in the Supreme Court. Um, which actually, Justice Burke was relevant to one of your points is that if Purcell does file a motion to correct the movements in the circuit court, he might be fined. Council said that the statute only applies to post conviction petitions. But that's actually the issue pending in the Supreme Court is, uh, what types of petitions the frivolous filing statute applies to. Thank you. Thank you very much. Both attorneys for the right today. Take a few. Some advice. Thank you.